IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARDO ARIAS JIMINEZ,<br>Petitioner,<br>v.<br>J.L. JAMISON, et al.,<br>Respondents. | CIVIL ACTION<br>NO. 26-7222 |

**ORDER**

**AND NOW**, this 6th day of October 2026, upon consideration of Petitioner Eduardo Arias Jiminez's Petition for Writ of Habeas Corpus (Doc. No. 1) and Emergency Motion for Temporary Restraining Order (Doc. No. 2), and Respondents' Response in Opposition to Petitioner's Habeas Petition (Doc. No. 5), it is **ORDERED** as follows:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

2) Petitioner's Emergency Motion for a Temporary Restraining Order (Doc. No. 2) is **DENIED** as moot.[1]

---

[1] Petitioner Eduardo Arias Jiminez ("Petitioner") is a citizen of Mexico who entered the United States on September 15, 2011 and has lived in the United States since that date. (Doc. No. 1 at 3.) On September 11, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents. (Id. at 4.) Petitioner is currently detained at the Federal Detention Center in Philadelphia. (Id.)

On September 18, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1). Three days later, on September 21, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order preventing his removal "until final resolution of the Habeas petition." (Doc. No. 2 at 3.) On September 29, 2026, Petitioner received a bond hearing, during which the immigration judge denied bond because Petitioner had "failed to establish that he is not a flight risk, nor that any amount of bond would mitigate his flight risk." (Doc. No. 5 Ex. B.) On

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

October 5, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition (Doc. No. 5).

**A. Petition for Writ of Habeas Corpus**
First, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1). In the Petition, he asks the Court to order his release because his detention violates federal immigration law and the Due Process Clause of the Constitution. (Id. at 7–12.)

The parties do not dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Section 1226(a) of the Immigration and Nationality Act (INA) permits ICE to "arrest[] and detain[] [an alien] pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). This statute and its accompanying regulations "provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018); 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal). In this vein, the Third Circuit Court of Appeals has recognized the detention of noncitizens under Section 1226(a) "without bond hearings violates the Due Process Clause." Buele Morocho v. Warden Phila. FDC, No. 26-1150, 2026 WL 2546223, at *8 (3d Cir. Aug. 28, 2026).

Here, Petitioner has received his bond hearing pursuant to Section 1226(a), in which the immigration judge deemed he was a flight risk. Because he has received a bond hearing, Petitioner has received the process Section 1226(a) and the Due Process Clause require. Accordingly, Petitioner is not entitled to habeas relief. Hernandez v. Warden, No. 26-1220, 2026 WL 1725860, at *1 (M.D. Pa. June 15, 2026) (denying habeas relief where petitioner "already received two bond hearings"); Segovia v. Acting Field Director, No. 26-5779, 2026 WL 1983222, at *1 (D.N.J. July 8, 2026) (denying petition when petitioner "received [a] bond hearing" because petitioner "ha[d] received all the process he was due").

Therefore, the Petition for Writ of Habeas Corpus (Doc. No. 1) will be denied.

**B. Emergency Motion for Temporary Restraining Order**
Second, Petitioner filed an Emergency Motion for a Temporary Restraining Order (Doc. No. 2). In the Motion, Petitioner urges the Court to enjoin the government's removal of him "while the accompanying Petition for Writ of Habeas Corpus is pending." (Id. at 1.) Because the Court has now ruled on the Petition, the Motion for Emergency Temporary Restraining Order (Doc. No. 2) will be denied as moot.